# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARY LYNN LE GARDEUR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6479** |
| **LIFE'S ABUNDANCE, INC., et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Before the Court is Defendant Life's Abundance, Inc.'s ("LAI") "Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)."[1] In this litigation, Plaintiff Mary Lynn Le Gardeur ("Plaintiff") alleges that while using a bag of cat food, the bag's sharp edges cut Plaintiff and caused several injuries.[2] LAI filed the instant motion to dismiss, arguing that Plaintiff fails to state a claim because she does not plead facts establishing that the bag was unreasonably dangerous under Louisiana law.[3] Plaintiff filed an opposition, asserting that the motion is untimely, but nevertheless, Plaintiff pleads enough facts to support her claims.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion and grant Plaintiff leave to amend the complaint.

## I. Background

### A.    *Factual Background*

In the Amended Complaint, Plaintiff alleges that she was injured while handling a bag of

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 1.

[3] Rec. Doc. 23.

[4] Rec. Doc. 33.

cat food.[5] Plaintiff avers that "she suffered a severe laceration as a result of the bag's unreasonably sharp and dangerous edges," and "fainted and fell to the floor."[6] Plaintiff contends that "[a]s a result of her fall, [she] suffered a serious fracture to her shoulder which required her to undergo shoulder replacement surgery."[7] Plaintiff attributes her injuries to the dangerous nature of the bag.[8] Plaintiff asserts that LAI is liable as the manufacturer of the cat food product and Bischof & Klein SE & Co. KG ("B&K") is liable as the manufacturer of the plastic bag.[9]

### B.    Procedural Background

On May 21, 2018, Plaintiff filed a Petition for Damages against LAI in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[10] Plaintiff asserted a product liability claim under La. Rev. Stat. Ann. 9:2800.51, *et seq.*[11] On July 3, 2018, LAI removed the case to this Court.[12] On August 6, 2018, LAI filed a third-party complaint against the designer and manufacturer of the cat food bag, B&K.[13] On February 13, 2019, Plaintiff amended the complaint to add B&K as a defendant.[14] On February 20, 2019, LAI filed the instant motion to dismiss.[15] On March 19, 2019, Plaintiff filed an opposition to the motion.[16] With leave of Court,

---

[5] Rec. Doc. 21 at 3.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 4.

[9] *Id.*

[10] Rec. Doc. 1-1.

[11] *Id.* at 3.

[12] Rec. Doc. 1.

[13] Rec. Doc. 13.

[14] Rec. Doc. 21.

[15] Rec. Doc. 23.

[16] Rec. Doc. 33.

on March 26, 2019, LAI filed a reply in further support of the motion.[17]

## II. Parties' Arguments

### A. *LAI's Arguments in Support of the Motion to Dismiss*

In the instant motion, LAI urges the Court to dismiss Plaintiff's claims because Plaintiff fails to plead sufficient facts to establish any of the four theories of liability under the Louisiana Products Liability Act ("LPLA").[18] LAI begins by stating that the four theories of liability under the LPLA are: "1) construction and composition; 2) design; 3) nonconformity with express or implied warranty; and 4) lack of adequate warning."[19] LAI then asserts that the LPLA "does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred."[20] Therefore, LAI argues that Plaintiff must present sufficient facts to show that the product was unreasonably dangerous under one of the four theories.[21]

First, LAI contends that Plaintiff does not plead facts establishing defective construction or composition because she does not allege "how the cat food bag in question deviated from design standards or other LAI cat food bags she received."[22] LAI alleges that "[a] plaintiff claiming a defect in construction or composition must allege and demonstrate what a manufacturer's specifications or performance standards are for a particular product, and how the product in question materially deviated from those standards so as to render it 'unreasonably dangerous.'"[23] LAI insists that Plaintiff does not allege any facts in the complaint regarding how

---

[17] Rec. Doc. 37.

[18] Rec. Doc. 23-1 at 3.

[19] *Id.*

[20] *Id.* at 6 (quoting *Marable v. Empire Truck Sales of La.*, 16-0876, p. 15 (La. App. 4 Cir. 6/23/17); 221 So. 3d 880, 893. )

[21] *Id.*

[22] *Id.* at 3.

[23] *Id.* at 7 (quoting *Roman v. Western Mfg., Inc.*, 691 F.3d 686, 697 (5th Cir. 2012)).

the edges on the bag deviated from industry standards or failed to comply with LAI's usual products.[24] LAI cites the district court cases *Aucoin v. Amneal Pharm., LLC*,[25] and *Hargrove v. Boston Scientific Corp.*,[26] to argue that Plaintiff's "unspecific and conclusory allegations" that the sharp edges were unreasonably dangerous are insufficient to state a cause of action.[27]

Second, LAI asserts that Plaintiff does not plead facts establishing defective design because she does not allege "what, if any alternative designs were available and the feasibility of such designs."[28] LAI insists that an essential element of a defective design claim is that an "alternative design" exists, and LAI again cites *Aucoin* and *Hargrove* as examples of this Court dismissing defective design claims that failed to allege alternative designs.[29] According to LAI, because Plaintiff fails to allege the existence of an alternative design or that the utility of the alternative design outweighs the cost to the manufacturer, she does not state a claim for defective design.[30]

Similarly, LAI argues that Plaintiff does not plead facts establishing an inadequate warning because she does not allege "what warnings she believes she should have received and how such a warning would have prevented her alleged injuries."[31] LAI states that "[t]o maintain a failure-to-warn claim, a plaintiff must demonstrate that 'the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate

---

[24] *Id.* at 7–9.

[25] No. 11-1275, 2012 WL 2990697 (E.D. La. 2012) (Brown, J.).

[26] No. 13-3539, 2014 WL 4794763 (E.D. La. 2014) (Brown, J.).

[27] Rec. Doc. 23-1 at 9.

[28] *Id.* at 3.

[29] *Id.* at 10.

[30] *Id.* at 9–10.

[31] *Id.* at 3.

warning of such characteristic and its danger to users and handlers of the product.'"[32] LAI maintains that Plaintiff does not allege the kind of warning that was needed, that LAI failed to use reasonable care by not providing this warning, or that the lack of this warning caused Plaintiff's injuries.[33] Thus, LAI insists that Plaintiff does not state a claim for lack of adequate warning.[34]

Finally, LAI contends that Plaintiff does not plead facts to support nonconformity with a warranty because she does not allege "what representations were made by LAI regarding the bag that induced her to buy the cat food and how the breach of those representations caused her injuries."[35] LAI then cites *Aucoin* and the district court case *Pellegrin v. C.R. Bard*,[36] for the argument that where a plaintiff fails to allege facts that a representation or express warranty existed, the plaintiff does not state a claim.[37] Because LAI avers that Plaintiff does not plead facts to support a products liability claim under any of the LPLA's four theories, LAI requests that the Court grant the motion to dismiss.[38]

## B.    *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiff argues that the Court should deny the motion to dismiss because it is untimely, but nevertheless, Plaintiff asserts that she pleads enough facts to survive a motion to dismiss.[39] Plaintiff begins by asserting that "a 12(b)(6) motion must be raised prior to a defendant's response where a responsive pleading is required. Otherwise the right to file the

---

[32] *Id.* at 11 (quoting *Dendinger v. Covidien,* No. 18-4168, 2018 WL 4462579 (E.D. La. 2018)).

[33] *Id.* at 12.

[34] *Id.*

[35] *Id.* at 3.

[36] No. 17-12473, 2018 WL 3046570 (E.D. La. 2018).

[37] *Id.* at 13–14.

[38] *Id.* at 14.

[39] Rec. Doc. 33 at 3–5.

motion is waived."[40] Plaintiff argues that LAI's 12(b)(6) motion is untimely because "the Motion to Dismiss is purportedly in response to Plaintiff's original petition," but LAI filed an answer to the original petition on July 30, 2018 and failed to assert a 12(b)(6) argument in the answer.[41] Thus, Plaintiff argues that LAI waived the right to file a 12(b)(6) motion regarding the original petition.[42]

Further, Plaintiff avers that because the amended complaint contains "exactly the same allegations as the original Petition for Damages," a 12(b)(6) motion regarding the amended complaint is equivalent to a 12(b)(6) motion on the original petition.[43] Plaintiff then alleges that LAI's failure to raise a 12(b)(6) argument regarding the original petition completely waived that argument regarding the amended complaint.[44] Therefore, Plaintiff insists that LAI's motion "should be denied outright for that reason alone."[45]

Plaintiff recognizes, however, that LAI may also request that the motion be treated as a 12(c) motion for judgment on the pleadings.[46] In response to this, Plaintiff asserts that LAI's 12(c) motion lacks merit because "[w]ith regard to the LPLA, which requires specific elements to be proven, the 'plausibility standard [for a 12(c) motion] simply calls for enough facts to raise a reasonable expectation that discovery will reveal the evidence of the necessary claims or elements.'"[47] Plaintiff then contends that the amended complaint "sets forth a cause of action

---

[40] *Id.* at 3.

[41] *Id.* at 3–5.

[42] *ID.*

[43] *ID.*

[44] *Id.*

[45] *Id.* at 5.

[46] *Id.*

[47] *Id.* at 6 (quoting *Flagg v. Stryker C01p.*, 647 Fed. Appx. 314, 316 (5th Cir. 2016)) (emphasis in original).

under three elements of the LPLA."[48] Plaintiff concedes that she will not pursue an express

warranty claim under the LPLA.[49]

Plaintiff proffers that the complaint pleads enough facts in support of design defect when

it states that "edges were unreasonably sharp enough to lacerate flesh during ordinary handling."[50]

Plaintiff avers that this allegation clearly indicates a defect in design because it was enough to

alert LAI that it should join B&K, the alleged manufacturer of the plastic bag, as a third-party

defendant.[51] Plaintiff insists that LAI only joined B&K because LAI anticipated that B&K may

be liable for a defect in the bag.[52] Further, Plaintiff asserts that "the existence of an 'alternative

design' is implicit in her Petition," and on a 12(c) motion, she does not have to prove a design

defect, only plausibly allege a claim.[53]

Plaintiff cites the Fifth Circuit case *Flagg v. Stryker Corp.*,[54] for the proposition that when

alleging a LPLA claim, a plaintiff need only allege sufficient facts to "'raise a reasonable

expectation that discovery will reveal evidence to support the Manufacturing Defendants'

liability.'"[55] Plaintiff states that according to *Flagg*, "requiring…plaintiffs to plead extremely

detailed factual allegations that satisfy each and every element of a products liability action under

the LPLA creates a situation where a manufacturer will not be held liable for defective products

because it has sole possession of the necessary documentation to ultimately prove the claim."[56]

---

[48] *Id.* at 7.

[49] *Id.* at n.6.

[50] *Id.* at 7.

[51] *Id.*

[52] *Id.*

[53] *Id.* at 8–9.

[54] 647 Fed. Appx. 314 (5th Cir. 2016).

[55] Rec. Doc. 33 at 9 (quoting *Flagg*, 647 Fed. Appx. at 317).

[56] *Id.* at 9–10 (quoting *Flagg*, 647 Fed. Appx. at 318).

Accordingly, Plaintiff asserts that she sufficiently pleads a defect claim under the LPLA.[57]

Next, Plaintiff contends that she sufficiently alleges a defective construction or composition claim because she pleads that the cat food bag was "too sharp," and "it is highly likely that the simple fact that the bag was unreasonably dangerous as a result of its unnecessarily sharp nature signifies a deviation from LAI' s manufacturing, construction, or composition standards."[58] Further, Plaintiff alleges that "[m]anufacturers are presumed to know vices in things they manufacture,"[59] and discovery will reveal additional relevant facts.[60] Therefore, Plaintiff avers that she pleads a claim for defective construction and composition.[61]

Finally, Plaintiff asserts that to plead a claim for inadequate warning, she need only allege that the product possessed a characteristic that caused damage and the manufacturer failed to use reasonable care to warn its customers of this characteristic.[62] Plaintiff cites the Louisiana Third Circuit Court of Appeal case, *Hutto v. McNeil-P PC, Inc.*,[63] for the proposition that this is a question of fact that is inappropriate for a 12(b)(6) motion.[64] Plaintiff contends that she plead facts alleging that the bag was "unreasonably dangerous due to its sharp edges" and LAI and/or B&K failed to warn of this characteristic.[65] Plaintiff argues that this is sufficient to establish that "LAI should have warned customers to handle the product with care."[66] Accordingly, Plaintiff

---

[57] *Id.* at 11.

[58] *Id.* at 12.

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] 2011-609 (La. App. 3 Cir. 12/7/11); 79 So. 3d 1199.

[64] Rec. Doc. 33 at 13.

[65] *Id.*

[66] *Id.*

asserts that she pleads a claim for inadequate warning under the LPLA.[67]

Based on the foregoing, Plaintiff argues that she fully pleads facts to support her products liability claims under the LPLA and the Court should deny LAI's motion to dismiss.[68] Alternatively, Plaintiff requests that the Court grant leave to amend the complaint to add additional facts that she obtained during discovery.[69]

## C. *LAI's Arguments in Further Support of the Motion to Dismiss*

In reply, LAI argues that it did not waive the right to file a 12(b)(6) motion because the motion is clearly in response to the amended complaint and not the original petition.[70] Moreover, LAI asserts that based on the Fifth Circuit case *U.S. ex rel. Bias v. Tangipahoa Parish School Board*,[71] the amended complaint superseded the original petition, allowing LAI to file a 12(b)(6) motion within fourteen days of Plaintiff filing the amended complaint.[72] LAI also asserts that even if the Court determined that the 12(b)(6) motion is untimely, the Court may convert the motion to a 12(c) motion for judgment on the pleadings.[73] Finally, LAI avers that when considering the motion, the Court should not allow Plaintiff to rely on new arguments asserted in her opposition or evidence obtained during discovery because the motion is limited to what appears in the complaint.[74]

Next, LAI proffers that Plaintiff fails to state a claim for defective construction or

---

[67] *Id.*

[68] *Id.*

[69] *Id.* at 14.

[70] Rec. Doc. 33 at 2–3.

[71] 816 F.3d 315, 322 (5th Cir. 2016).

[72] Rec. Doc. 37 at 3–4.

[73] *Id.*

[74] *Id.* at 5–6.

composition because she does not allege that the specific bag at issue was flawed or defective.[75] LAI contends that Plaintiff only presents a conclusory argument that sharp edges signify a deviation form industry norms, and this is insufficient to state a claim.[76] LAI also argues that Plaintiff fails to plead a design defect because the amended complaint "lacks **any** allegation, conclusory or otherwise, that an alternative design exists," and an alternative design is not implicit in Plaintiff's allegations.[77] Finally, LAI avers that Plaintiff fails to state a claim for failure to warn because she does not allege facts regarding a proposed warning.[78] Because LAI argues that Plaintiff fails to plead sufficient facts in support of any of her asserted claims, LAI urges the Court to grant the motion to dismiss.[79] Additionally, LAI contends that the Court should not allow Plaintiff to amend the complaint because she does not show good cause, has unduly delayed amending the complaint to add the appropriate allegations, and another amendment would prejudice defendants.[80]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[81] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[82] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that

---

[75] *Id.* at 7.

[76] *Id.*

[77] *Id.* at 7–8 (emphasis in original).

[78] *Id.* at 8–9.

[79] *Id.* at 14.

[80] *Id.*

[81] Fed. R. Civ. P. 12(b)(6).

[82] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

is plausible on its face.'"[83] "Factual allegations must be enough to raise a right to relief above the speculative level."[84] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[85]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[86] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[87] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[88] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[89] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[90] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[91] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[92] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is

---

[83] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[84] *Twombly*, 550 U.S. at 556.

[85] *Id.* at 570.

[86] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[87] *Iqbal*, 556 U.S. at 677–78.

[88] *Id.* at 679.

[89] *Id.* at 678.

[90] *Id.*

[91] *Id.*

[92] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

an "insuperable" bar to relief, the claim must be dismissed.[93]

## IV. Analysis

In the instant motion, LAI urges the Court to dismiss Plaintiff's claims because she fails to state a claim under any of the four theories of the LPLA.[94] In opposition, Plaintiff argues that the Court should deny the motion to dismiss because it is untimely, but nevertheless, Plaintiff asserts that she pleads enough facts to support a claim under three of the theories of the LPLA.[95] The Court will address each argument in turn.

### A.    *Whether the Motion is Timely*

Plaintiff argues that the instant motion is untimely because LAI failed to file a 12(b)(6) motion in response to the original petition, and thus, all 12(b)(6) arguments were waived.[96] LAI asserts that it did not waive the right to file a 12(b)(6) motion because the motion is clearly in response to the amended complaint and not the original petition, and the amended complaint superseded the original petition.[97]

Per the Fifth Circuit, "[i]t is certainly true that if a plaintiff amends his complaint, a defendant may file a new responsive pleading because the amended complaint typically causes the original pleading to be 'of no legal effect.'"[98] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to

---

[93] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[94] Rec. Doc. 23-1 at 3.

[95] Rec. Doc. 33 at 3–5.

[96] *Id.* at 3–5.

[97] Rec. Doc. 37 at 3–4.

[98] *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 322 (5th Cir. 2016) (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

and adopts or incorporates by reference the earlier pleading."[99] Here, Plaintiff does not adopt or incorporate by reference the original petition. Plaintiff only reasserts and realleges the allegations contained in the original petition.[100] Thus, the amended complaint supersedes the original petition, and LAI was allowed to file a 12(b)(6) motion in response to the amended complaint.[101]

Moreover, the Court finds that the cases cited by Plaintiff in the opposition are distinguishable and nonbinding on the court. All of Plaintiff's cited cases are district court opinions that do not involve a plaintiff filing an amended complaint or a defendant filing a 12(b)(6) motion in response to an amended complaint.[102] The cases only address whether a defendant is allowed to file a Rule 12(b)(6) motion if the defendant included failure to state a claim as a defense in its answer. Therefore, Plaintiff's proposed case law does not change the Court's analysis, and LAI's motion is timely.

Finally, under Rule 12(h)(2), "[f]ailure to state a claim upon which relief can be granted ... may be raised in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial" even if LAI's motion were untimely under the Federal Rules. Therefore, the Court would have the authority to convert the motion to dismiss into to a motion for judgment on the pleadings under Rule 12(c).[103] A motion for judgment on the pleadings is subject to the same

---

[99] *King*, 31 F.3d at 346.

[100] Rec. Doc. 21 at 3.

[101] The parties do not dispute that this motion as filed within the twenty-one-day time period. *See* Fed. R. Civ. P. 12(a).

[102] *See Brown v. City of Alexandria,* No. 17-0798, 2018 WL 2425097 (W.D. La. 2018); *Quintanilla v. K-Bin, Inc*., 993 F. Supp. 560 (S.D. Tex. 1998); *Delhomme v. Caremark Rx, Inc*., No. 05-505, 232 F.R.D. 573 (N.D. Tex. 2005); *Texas Taco Cabana, L.P. c. Taco Cabana of New Mexico*, 304 F. Supp. 2d 903 (W.D. Tex. 2003).

[103] *See Doe v. Columbia-Brazoria Ind. Sch. Dist. By & Through Bd. of Trs.*, 855 F.3d 681, 686 (5th Cir. 2017) (finding that district court did not abuse its discretion in hearing Rule 12(b)(6) motion, because even if it were improperly before the court, district court had authority to convert it to a Rule 12(c) motion); Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted ... may be raised in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial").

standard as a motion to dismiss under Rule 12(b)(6).[104] Therefore, the Court may consider LAI's

motion.

**B.**     ***Whether Plaintiff States a Claim under the Louisiana Products Liability Act***

The Louisiana Products Liability Act, as codified at La. Rev. Stat. Ann. § 9:2800.52,

provides that:

> This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter.[105]

To state a cause of action under the LPLA, a plaintiff must allege:

> (1) that the product possesses an "unreasonably dangerous" characteristic;
> (2) that this unreasonab[y] dangerous characteristic proximately caused the plaintiff's damage; and
> (3) that injury arose from a "reasonably anticipated use" of the product.[106]

Under Section 9:2800.54 of the LPLA:

> (B) A product is unreasonably dangerous if and only if:
>      (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.56;
>      (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
>      (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
>      (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[107]

In the amended complaint, Plaintiff alleges that "Plaintiff was properly handling the bag

---

[104] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[105]  LA. REV. STAT. § 9:2800.52. *See also Aucoin v. Amneal Pharmaceuticals, LLC*, No. 11-1275, 2012 WL 2990697 at *11 (E.D. La. Jul. 20, 2012) (Brown, J.) (applying the LPLA and dismissing all claims not brought under the LPLA as "in contravention of the LPLA's exclusive remedy provision.").

[106] 12 La. Civ. L. Treatise, Tort Law § 16:32 (2d. Ed. 2013) (citing La. Rev. Stat. Ann. § 9:2800.54).

[107] La. Rev. Stat. § 9:2800.52. *See also Grenier v. Med. Eng. Corp.*, 243 F.3d 200, 203 (5th Cir. 2001) (listing the four theories of recovery).

when she suffered a severe laceration as a result of the bag's unreasonably sharp and dangerous edges…The sequence of events described above was a direct result of and caused by the initial laceration suffered by Plaintiff due to the unreasonably sharp and dangerous edges of the bag of cat food."[108] Plaintiff has accordingly pled sufficient facts to satisfy the LPLA's requirements that: (1) the bag's defects "proximately caused [the alleged] damage," and (2) this damage arose from a "reasonably anticipated use" of the bag. Therefore, the Court now addresses whether Plaintiff has plausibly pled the remaining element of an LPLA cause of action—namely, that the bag possessed an "unreasonably dangerous" characteristic within the meaning of the LPLA.

### 1. Unreasonably Dangerous Construction or Composition

LAI contends that Plaintiff does not plead facts establishing defective construction and composition because she does not allege "how the cat food bag in question deviated from design standards or other LAI cat food bags she received."[109] Under Section 9:2800.55 of the LPLA:

> A product is unreasonably dangerous in construction or composition if, (1) at the time the product left its manufacturer's control, (2) the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.[110]

To state a cause of action under this provision of the LPLA, Plaintiff must allege that the product that injured her deviated from its design or from "the manufacturer's otherwise identical products."[111] This LPLA provision provides a cause of action for a product that is defective

---

[108] Rec. Doc. 21 at 3.

[109] Rec. Doc. 23-1 at 3.

[110] **Error! Main Document Only.** La. Rev. Stat. § 9:2800.55.

[111] **Error! Main Document Only.** *See Scallan v. Duriron Co.*, 11 F.3d 1249, 1252 (5th Cir. 1994) ("[The plaintiff] does not allege that the pump deviated from its design. In fact, plaintiff's pump expert, Mr. Heinz Bloch, testified that the pump contained no defects in composition or manufacture."); *Aucoin*, 2012 WL 2990697 at *10 ("Likewise, regarding Plaintiff's construction or composition defect claim, Plaintiff has not alleged that the medicine he received deviated in any way from the manufacturer's production standards or from the manufacturer's otherwise identical products").

because of a mistake in the manufacturing process.[112]

In the amended complaint, Plaintiff alleges that "sharp edges of the bag of cat food []
rendered the bag of cat food unreasonably dangerous" and "[t]he bag of cat food was
unreasonably dangerous in construction and composition."[113] Plaintiff does not, however, allege
that the bag she purchased deviated in any way from the manufacturer's production standards or
from the manufacturer's otherwise identical products—she merely recites the elements of the
cause of action. Under the standard articulated in § 9:2800.55 of the LPLA and as applied in
*Stahl*,[114] Plaintiff fails to fully plead that the bag had an unreasonably dangerous construction or
composition.

Plaintiff asserts that under the Fifth Circuit case *Flagg v. Stryker Corp.*,[115] she does not
have to plead "extremely detailed and factual allegations."[116] Plaintiff insists that "[w]ith regard
to the LPLA, which requires specific elements to be proven, the 'plausibility standard simply
calls for enough facts to raise a reasonable expectation that discovery will reveal the evidence of
the necessary claims or elements.'"[117] While *Flagg* does stand for this proposition, the Fifth
Circuit in *Flagg* also stated that "[a] complaint is insufficient if it offers only 'labels and
conclusions,' or 'a formulaic recitation of the elements of a cause of action.'"[118] Here, Plaintiff
provides no allegations that go beyond repeating the elements of the cause of action and

---

[112] *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002) (citing La. Rev. Stat. Ann. § 9:2800.55).

[113] Rec. Doc. 21 at 4.

[114] *Stahl*, 283 F.3d at 263.

[115] 647 Fed. Appx. 314 (5th Cir. 2016)).

[116] Rec. Doc. 33 at 12 (quoting *Flagg*, 647 Fed. Appx. at 317–18).

[117] Rec. Doc. 33 at 6 (quoting *Flagg*, 647 Fed. Appx. at 316).

[118] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

concluding that the elements are satisfied. Therefore, Plaintiff fails to state a claim for unreasonably dangerous construction or composition.

### 2. Unreasonably Dangerous Design

LAI asserts that Plaintiff does not plead facts establishing defective design because she does not allege "what, if any alternative designs were available and the feasibility of such designs."[119] The LPLA establishes the following conditions for "design defect" claims:

> A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:
>
> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product...[120]

Accordingly, Plaintiff must demonstrate (1) that an alternative design existed at the time LAI manufactured the bag and (2) "that the risk avoided by using the alternative design (magnitude of damage discounted by the likelihood of its occurrence) would have exceeded the burden of switching to the alternative design (added construction costs and loss of product utility)."[121]

In the amended complaint, Plaintiff alleges that "sharp edges of the bag of cat food [] rendered the bag of cat food unreasonably dangerous" and "[t]he bag of cat food was unreasonably dangerous in design."[122] Plaintiff argues that these allegations were sufficient to put

[119] Rec. Doc. 23-1 at 3.

[120] **Error! Main Document Only.**La. Rev. Stat. 9:2800.56.

[121] *Roman v. W. Mfg., Inc*., 691 F.3d 686, 701 (5th Cir. 2012) (quoting *Lawrence v. Gen. Motors Corp.,* 73 F.3d 587, 589 (5th Cir. 1996)).

[122] Rec. Doc. 21 at 4.

LAI on notice that it needed to add B&K as a defendant for manufacturing the bag.[123]  Further, Plaintiff asserts that "the existence of an 'alternative design' is at least implicit in her Petition - package the product in a bag with smooth or softer edges incapable of lacerating human flesh during ordinary handling."[124]

First, the Court notes that "even liberal notice pleading still requires at least some pleading,"[125] and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[126] Although Plaintiff's allegations address the bag's design, Plaintiff has not met the initial condition established under this theory of the LPLA—namely, to allege that an *alternative design* for the bag existed, and that this alternative design was capable of preventing the bag from cutting Plaintiff.[127] Further, Plaintiff does not allege that the burden on the manufacturer to develop such a bag outweighed the dangers posed by the current design. Therefore, instead of alleging facts in support of either of the elements for a design defect claim, Plaintiff has merely recited the elements of the cause of action. Thus, Plaintiff fails to state a cause of action under this prong of the LPLA.

### 3.    Inadequate Warning

LAI argues that Plaintiff does not plead facts establishing an inadequate warning because she does not allege "what warnings she believes she should have received and how such a warning

---

[123] Rec. Doc. 33 at 7–8.

[124] Rec. Doc. 33 at 9.

[125] *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 300 (5th Cir. 2013).

[126] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[127] **Error! Main Document Only.***See Aucoin*, 2012 WL 2990697 at *10 ("Plaintiff has not alleged that there existed an alternative design for the drug, an "essential element" of a LPLA design defect claim. Further, Plaintiff has not alleged that the burden on the manufacturer to develop such a drug outweighed the dangers posed by the current design.").

would have prevented her alleged injuries."[128] The LPLA establishes the following conditions for "inadequate warning" claims:

> A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.[129]

In the amended complaint, Plaintiff alleges that "sharp edges of the bag of cat food [] rendered the bag of cat food unreasonably dangerous" and "[t]he bag of cat food was unreasonably dangerous for lack of adequate instructions and/or lack of warning concerning the dangers of the unreasonably sharp edges."[130] Plaintiff asserts that these allegations "establish two things: (1) the bag contained a damage-causing characteristic in that it was unreasonably dangerous due to its sharp edges, and (2) that LAI and/or B&K failed to warn consumers of this damage-causing characteristic."[131]

Although Plaintiff's allegations suggest that the bag's sharp edges constituted a characteristic that caused damage, Plaintiff does not plead any facts alleging whether this characteristic existed "at the time the product left its manufacturer's control" or that LAI "failed to use reasonable care to provide an adequate warning."[132] Accordingly, Plaintiff fails to state a claim under this prong of the LPLA.

---

[128] *Id.* at 3.

[129] La. Stat. Ann. § 9:2800.57.

[130] Rec. Doc. 21 at 4.

[131] Rec. Doc. 33 at 13.

[132] *See* La. Stat. Ann. § 9:2800.57.

## C.      *Whether Plaintiff Should be Allowed to Amend the Complaint*

In the opposition, Plaintiff contends that rather than dismissing her claims, the Court should grant leave to amend the complaint under Federal Rule of Civil Procedure 15.[133] LAI contends that Plaintiff should not be allowed to amend the complaint because "[Plaintiff] admits that she had the information she needed to potentially set forth a valid cause of action against LAI 'long before the expiration of the deadline for amending pleadings,' yet has failed to do so."[134] Thus, LAI contends that Plaintiff has not established good cause for leave to amend.[135] In support of its argument, LAI cites the Fifth Circuit case *S & W Enterprises, L.LC. v. Southtrust Bank of Alabama*.[136]

The decision to grant or deny leave to amend a complaint lies within the discretion of the district court.[137] Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the scheduling order's deadline to amend has expired.[138] Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[139] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[140] As the Fifth Circuit has explained, the four factors bearing on good cause in the context of untimely motions

---

[133] Rec. Doc. 33 at 14.

[134] Rec. Doc. 37 at 11 (quoting Rec. Doc. 33 at 14).

[135] *Id.*

[136] Rec. Doc. 37 at 10–11 (citing 315 F.3d 533, 535-36 (5th Cir. 2003)).

[137] *Little v. Liquid Air Corp.*, 952 F.2d 841, 845 (5th Cir. 1992).

[138] *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

[139] Fed. R. Civ. P. 16(b)(4).

[140] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

to amend pleadings are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[141]

Applying the standard articulated in *S & W Enterprises, L.LC. v. Southtrust Bank of Alabama*,[142] Plaintiff has amended the complaint once and has not articulated an explanation for why she chose not to add the necessary allegations at that time. However, the Court finds that dismissal is a harsh remedy and the Federal Rules evince a bias in favor of leave to amend.[143] Further, Plaintiff is not being granted leave to amend the complaint to add additional causes of action or defendants. The Court is only granting Plaintiff leave to amend to add additional allegations regarding the claims for which the parties are already conducting discovery. Therefore, an amendment at this time would not prejudice Defendants. Accordingly, the Court finds there is good cause to amend the Court's Scheduling Order to allow Plaintiff leave to amend the Complaint to address the deficiencies, if possible.

## V. Conclusion

LAI argues that Plaintiff fails to state a claim under any of the four theories of the LPLA. According to the opposition memorandum, although Plaintiff raised an express warranty claim in the amended complaint, she chooses not to pursue this claim. Therefore, the Court will dismiss the express warranty claim. Additionally, the Court has determined that Plaintiff has not stated a claim regarding an unreasonably dangerous construction or composition, defective design, or inadequate warning. However, rather than dismiss these claims at this time, the Court will grant

---

[141] *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W Enters.*, 315 F.3d at 536)).

[142] *S&W Enters.*, 315 F.3d at 536.

[143] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

Plaintiff leave to amend the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Life's Abundance, Inc.'s ("Defendant") Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)"[144] is **GRANTED IN PART** to the extent that Plaintiff chooses not to pursue an express warranty claim. This claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion is **DENIED IN PART** to the extent that the motion to dismiss Plaintiff's remaining claims is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff Mary Lynn Le Gardeur is granted leave to amend the complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will revisit the issue.

**NEW ORLEANS, LOUISIANA,** this _27th_ day of June, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[144] Rec. Doc. 23.